UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY A. RIZO, | ) |
| Petitioner, | ) |
| v. | ) Case No. 11-1009 |
| RICARDO RIOS, WARDEN, | ) |
| Respondent. | ) |

# **O R D E R**

This matter is now before the Court on Johnny A. Rizo's ("Rizo") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241. For the reasons set forth below, Rizo's Petition [#1] is DISMISSED.

## Background

On January 11, 2005, the Federal District Court for the Northern District of Florida at Pensacola sentenced Rizo to a 10-year term of imprisonment for drug and firearms offenses. His projected release date is January 15, 2013. Rizo began serving his sentence in the Federal Correctional Institution in Fort Dix, New Jersey from August 8, 2006, to January 29, 2010. He is currently incarcerated in the Federal Correctional Institution in Pekin, Illinois.

On November 27, 2010, a Bureau of Prisons ("BOP") correctional officer entered an inmate restroom and saw an inmate hand something to Rizo. At that time, Rizo was standing in front of a sink and was ordered to turn around for a pat down search. The correctional officer conducted the search and saw a cell phone in the sink Rizo had been using. Rizo received an incident report concerning this event on November 28, 2009. He was interviewed by the Unit Disciplinary Committee ("UDC") and was subsequently called before the Disciplinary Hearing

Officer ("DHO") for a hearing on December 18, 2009. Rizo was charged with possession of a hazardous tool and found guilty. He did not request to have a staff representative at his hearing and did not ask to call any witnesses. At the hearing, Rizo claimed that the cell phone had been placed in the sink by another inmate who then left the bathroom. The DHO considered Rizo's statement, the correctional officer's statement, and also the evidence that the cell phone's call log listed phone numbers from Rizo's approved telephone list. The DHO imposed 30 days of disciplinary segregation, 30 days without commissary privileges, 12 months without phone privileges, 30 days without visiting privileges, disallowance of 40 days of good conduct time, and disallowance of 60 days of non-vested good conduct time.

On January 22, 2010, Rizo submitted an appeal of the disciplinary hearing to the Northeast Regional Office ("NERO"). The NERO rejected this appeal on January 27, 2010, instructing him that the appeal should be limited to one letter-size continuation page. He was given 10 days from the date of rejection to resubmit the appeal. The resubmitted appeal was received by the NERO on August 5, 2010, but was again rejected on August 6, 2010, because Rizo did not submit four carbonized copies of the appeal request and did not send the appeal to the correct Regional Office. He was once again given 10 days from the date of rejection to resubmit his appeal.

On August 19, 2010, the Northern Central Regional Office ("NCRO") received Rizo's appeal. The appeal was three days past the deadline and rejected as untimely. He then appealed the decision of the NCRO to the Central Office of the Federal Bureau of Prisons. The Central Office concurred with the NCRO's finding that the appeal was untimely and denied the appeal on October 19, 2010.

On January 10, 2011, Rizo filed the instant Petition for Writ of Habeas Corpus Pursuant

to 28 U.S.C. §2241 challenging the revocation of his good time credit. In his Petition, he alleges that his due process rights were violated because there was insufficient evidence to find him guilty. Respondents filed a Response to the Petition. Rizo then filed a Reply to the Response where he alleges that his due process rights were violated because the DHO decision was arbitrary and that the disciplinary proceedings were not in accordance with the due process rights accorded to prisoners. The matter is fully briefed, and this Order follows.

## Discussion

A petition seeking habeas corpus relief pursuant to 28 U.S.C. §2241 is appropriate when a defendant "is attacking the fact or length of his confinement." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994); Alhassan v. Hagee, 424 F.3d 518, 521-22 (7th Cir. 2005). The writ of habeas corpus may be granted where a defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3). Federal inmates "have a liberty interest" in good time credits and "must be afforded due process" before any good time credits are revoked. Jones v. Cross, 637 F.3d 841, 845 (7th Cir. 2011).

**A. Exhaustion of Administrative Remedies in §2241 Petition**

Congress has not created a statutory requirement that inmates exhaust administrative remedies prior to filing a §2241 petition. Gonzalez v. O'Connor, 355 F.3d 1010, 1016 (7th Cir. 2004). Nevertheless, the Seventh Circuit Court of Appeals has held that "[a] common-law exhaustion rule applies to §2241 actions." Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); See also Jackson v. Carlson, 707 F.2d 943, 949 (7th Cir. 1983) (holding that federal prisoners seeking habeas corpus are required to exhaust remedies, though courts may exercise discretion).

The BOP has established a system of administrative remedies through which federal

inmates are given the opportunity to resolve grievances. 28 C.F.R. §542.10 *et seq.* These procedures include a request for informal resolution, a formal request for remedy, an appeal to the BOP Regional Director, and an appeal to the BOP Central Office. Id.

A review of the Petition and the BOP's administrative remedy records shows that Rizo's appeal was rejected by the NCRO and the Central Office, because the appeal was found to be untimely. [Doc. #6-1]. The NCRO noted that Rizo could have submitted his appeal between January 29, and March 5, 2010, while he was at the Fort Devens Medical Center. Additionally, Rizo's appeal to the NCRO was received three days beyond the 10 day time limit which was indicated in his previous rejection notice. Rizo argues that he has met the exhaustion requirement, because he filed appeals, albeit untimely appeals, at the required administrative levels. Rizo does not dispute the NCRO's or Central Office's finding that the appeal was untimely and offers no reasons why he failed to submit the appeal in a timely fashion. This Court, therefore, finds that Rizo procedurally defaulted his claim, because he failed to exhaust his administrative remedies.

An inmate's procedural default can be overcome by a showing of cause and prejudice. See Sanchez v. Miller, 792 F.2d 694, 697-98 (7th Cir. 1986) (holding that federal prisoners, including those challenging disciplinary proceedings, can "overcome the bar of a procedural default" with a showing of cause and prejudice). Rizo presents no argument for cause and prejudice. See Moore v. Casperson, 345 F.3d 474, 486 (7th Cir. 2003) (holding that cause for a procedural default requires showing of an objective, external factor to petitioner's efforts to comply); Richardson v. Briley, 401 F.3d 794, 801 (7th Cir. 2005) (holding that prejudice requires showing that errors produced "actual and substantive disadvantage" such that proceedings were infected "with error of constitutional dimensions"). The Court finds that Rizo

cannot overcome the bar of his procedural default. Thus, Rizo has failed to exhaust his administrative remedies, and his Petition must be dismissed.

**B. Merit of Petition**

Even if the Court were to assume that Rizo has exhausted his administrative remedies, he is still not entitled to relief under 28 U.S.C. §2241. In prison disciplinary proceedings, "due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." Jones, 637 F.3d at 845.

Here, Rizo initially conceded that he was given the requisite procedural due process. Only after Respondent noted his concession did Rizo attempt to contest the issue. Rizo states in his Reply that he did not receive adequate notice of his hearing. Due process requires written notice of the alleged violation at least 24 hours before the hearing. By Rizo's own admission, he received an incident report about the alleged violation on November 28, 2010, six days before his Unit Disciplinary Committee interview and over two weeks before his hearing with the DHO. Rizo presents no reason why notice was inadequate in spite of the length of time between the notice and the hearing. He provides only his own conclusive statement that it is so. This Court, therefore, finds that the notice satisfied the requirements of due process.

Rizo admits that he was given the opportunity to present evidence at the hearing. He chose not to request any witnesses at the hearing and instead gave a statement on his own behalf. He argues that the DHO gave no weight to this statement when making his decision. Rizo's Memorandum in support of his §2241 Petition, however, includes a statement from the DHO

explaining that Rizo's statement was taken into consideration and found to partially corroborate, but not defeat, the correctional officer's account of the incident. [Doc. #1-1, 5-6]. This is essentially an issue of witness credibility, and this Court will not question the DHO's decision to find one witness' account more credible than the other. See McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (holding that courts are not required to "independently assess witness credibility" in the context of reviewing a disciplinary proceeding for due process). This Court finds that Rizo was given such opportunity to present evidence on his behalf as is required by due process.

Rizo then claims that the DHO did not issue a written statement listing the evidence considered and the reasons for the DHO's decision. Again, Rizo provides only his own conclusory statement to support this claim. Included in Rizo's Memorandum is a DHO Report explaining what evidence was considered at the hearing and the reasons for the DHO's decision. [Doc. #1-4]. This report is signed by A. Boyce, the DHO, and marked as having been "delivered to inmate" by the DHO. Even if this Court were to assume that Rizo never actually received a report, his claim that the decision of the DHO violated due process is still without merit.

The requirements of due process are satisfied if the decision of a DHO is "supported by some evidence in the record." Henderson v. U.S. Parole Com'n, 13 F.3d 1073, 1077 (7th Cir. 1994). The Seventh Circuit Court of Appeals has held that this standard requires courts to determine "whether there is *any* evidence in the record that could support the DHO's conclusion." Id. The DHO reached the decision using a correctional officer's statement regarding the discovery of the cell phone, Rizo's statement of that same event, and evidence that the cell phone's call log included numbers from Rizo's approved phone list. Rizo argues that

the DHO did not examine the actual cell phone at the hearing and that such an examination would have cleared him of the charges. Rizo fails to provide the Court with any indication of how an examination of the cell phone would have accomplished this end. The call log and the correctional officer's statement do provide "some factual basis" for the DHO's decision to revoke Rizo's good time credits. McPherson, 188 F.3d at 786. This Court, therefore, finds that there was "some evidence" to support the decision of the DHO. Henderson, 13 F.3d at 1077. Accordingly, Rizo's habeas petition is without merit.

## Conclusion

For the foregoing reasons, Rizo Johnny Rizo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 [#1] is DISMISSED. This matter is now terminated.

ENTERED this 7th day of July, 2011

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge